IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA BOND, | ) |
| Plaintiff | ) Case No. 1:18-cv-00176 (Erie) |
| Vs . | ) |
| | ) RICHARD A. LANZILLO |
| STATE FARM INSURANCE COMPANY, | ) UNITED STATES MAGISTRATE JUDGE |
| Defendants | ) |
| | ) MEMORANDUM OPINION AND ORDER |
| | ) ON DEFENDANTS' MOTION TO DISMISS |
| | ) [ECF No. 21] |

I.  Introduction

Defendant State Farm Insurance Company (State Farm) has filed a Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and, alternatively, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 19, ECF No. 20. If the Court declines to dismiss the Amended Complaint, State Farm moves to strike several exhibits to Bond's Amended Complaint pursuant to Fed. R. Civ. P. 12(f). *Id.* For the reasons set for below, the Court will deny State Farm's Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(1), grant in part and deny in part its Motion to Dismiss pursuant to Rule 12(b)(6), and grant its Motion to Strike.[1]

II.  Procedural History

Plaintiff Pamela Bond, acting pro se, commenced this action against State Farm on June, 12, 2018, by filing a motion for leave to proceed in forma pauperis. ECF No. 1. Magistrate

---

[1] This Court has jurisdiction under 28 U.S.C. § 1331 and 1343. All parties have consented to proceed before a United States Magistrate Judge in this matter. ECF No. 5, ECF No. 18. *See also* 28 U.S.C. § 636(c)(1); Federal Rule of Civil Procedure 73.

1

Judge Robert C. Mitchell granted Plaintiff's motion on June 18, 2018 [ECF No. 2], and her Complaint was docketed on that same date. ECF No. 3. Upon reviewing Bond's Complaint, Judge Mitchell noted that it failed to state a basis for federal subject matter jurisdiction, and on June 18, 2018, he entered an order [ECF No. 4] directing Bond to file an Amended Complaint by July 9, 2018 to correct this jurisdictional deficiency. On July 23, 2018, after Bond failed to file an Amended Complaint as ordered, Judge Mitchell filed a Report and Recommendation recommending that the Court dismiss this action based upon lack of subject matter jurisdiction. ECF No. 6. On August 2, 2018, Bond filed objections [ECF No. 7] to the Report and Recommendation in which she alleged that the she transmitted an Amended Complaint for filing via certified mail. She attached a certified mail receipt indicating that a package had been received by the Court on July 5, 2018. Based upon Bond's objections, Judge Mitchell entered an order vacating the Report and Recommendation on August 9, 2018. ECF No. 8. Bond's Amended Complaint [ECF No. 10] was ultimately filed on August 29, 2018, and is the operative Complaint in this litigation. Thereafter, State Farm waived service of the summons and, on November 5, 2018, it filed the instant motion. ECF Nos. 19, 20.

III.     Allegations of the Amended Complaint

Construed generously, Bond's Amended Complaint alleges that State Farm has breached a homeowner's insurance policy by failing to pay a property damage claim. ECF No. 3 ¶1. According to the Amended Complaint, Bond purchased a home located at 316 Dawson Street in Kane, Pennsylvania in July[2] for $41,000.00. An exhibit to her Amended Complaint indicates that the property was insured by State Farm under a homeowner's insurance policy designated as policy no. 38-EB-W853-3 (the "Policy"). ECF No. 3-1. The loss or losses for which Bond sought

---

[2] The Amended Complaint does not specify the year Bond purchased the property.

2

insurance coverage are confusing, to say the least. The Amended Complaint alleges that "over a period of several months," unknown "vandal(s)" or "assailants" destroyed "[f]ifteen walls of varying sizes" within the property and that each time Bond "left her home, it was clear upon her return that things had been stolen, destroyed, and moved about." ECF No. 3 ¶2. Apparently referring to the handiwork of the perpetrators of the vandalism, Bond alleges that "[n]one of the changes made to the property were requested, purchased, or contractually agreed to by the owner and Plaintiff," and that "[s]everal lock smiths (sic) have been retained to try and keep out encroachers, but none of these efforts were successful." ECF No. 3, ¶¶ 3, 4. The Amended Complaint also includes allegations that the unknown vandals have made extensive physical changes to the property:

> 5. The bathtub has been changed twice. Two doors have been removed altogether, four doors have been changed. Old molding has been nailed into the knotty pine estimated to have been worth $164,000.00 in the State Farm Insurance binder. A beetle infestation has resulted. It is also believed that much of the good wood was removed because the boards left behind are not long enough to result in the finished look of uninterrupted Pennsylvania planks of highly polished undamaged wood.

\*\*\*

> 7 The period appropriate molding was all removed and replaced with trash lumber. Estimated cost of replacing the molding runs into the thousands of dollars.
>
> 8 When the cheap wood was removed it was noted that excessive damages along with newly placed wires were being hidden by the new "molding". New flowers and shrubs were doused with wine. Floors became scratched and actual holes appeared in the floor boards. Some of the holes in the upstairs bedroom walls are two and three inches wide.

\*\*\*

> 10. It is very sad to think that hatred, racism, sexual harassment, and lack of respect for personal property has sunk to this level of contemptuous practices. Photographs are herewith included to attempt to depict the actual situation (Exhibits B,C,D,E,F).
>
> 11. Exterminators do not ordinarily expect beetles to accomplish so much damage to wood and so very quickly. The vandal who leaves his name as genius on the computers ad phones he or she left hacked understood how to manipulate natural forces and engage in biological warfare (Exhibit G).

ECF No. 3 ¶¶5, 7-8, 10-11.

Plaintiff filed her Amended Complaint using the Pro Se Complaint form (Rev 12/16) Complaint for a Civil Case. Under Section II of the form, which directs a plaintiff to designate all bases upon which she is asserting federal court jurisdiction, Bond checked "diversity of citizenship" only. She did not check the box asserting "federal question" jurisdiction. However, under subsection II(A) of the form, which directs that filers claiming federal question jurisdiction designate the federal statutes or other federal laws that are at issue in the case, she listed the following:

- The McCarran-Ferguson Act, 15 U.S.C. §1011
- The Sherman Act
- The Clayton Act
- Federal Trade Commission Act

Bond's Amended Complaint also indicated that she is seeking to invoke diversity of citizenship as a basis for federal court jurisdiction. The Amended Complaint reports that Plaintiff is a citizen of the Commonwealth of Pennsylvania and that State Farm is

4

incorporated under the laws of the State of Illinois, and has its principal place of business in the State of Illinois. ECF No. 9.

State Farm's motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) based upon lack of subject matter jurisdiction, and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In the alternative, State Farm requests that several exhibits to Bond's Amended Complaint be stricken pursuant to Fed. R. Civ. P. 12(f) because they are immaterial, impertinent, and scandalous.

IV. Standard of Review

   A.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

When the Court considers a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it must first determine whether the defendant is making a facial or factual jurisdictional challenge. *Zhuo Zhang v. Chertoff*, No. 06CV1140, 2006 WL 3254531, at *1 (W.D. Pa. Nov. 9, 2006). "In a facial jurisdictional attack, where the defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the Court must consider the allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Id.* (citing *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977)). Because Bond proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

In a factual jurisdictional attack, where the defendant argues that the Court lacks jurisdiction based on evidence outside of the pleadings, the Court may consider that evidence and need only accept the plaintiff's uncontroverted allegations as true. *Id.* (citing *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (internal citations omitted)). Whether the

5

challenge is facial or factual, the plaintiff bears the burden of establishing that jurisdiction is proper.³ *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In the present case, State Farm presents a facial challenge to subject matter jurisdiction. It contends that Bond's Amended Complaint fails to allege the necessary prerequisites of federal question or diversity jurisdiction.

      B.      Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v.*

---

³ While State Farm has properly challenged the Court's subject matter jurisdiction by motion pursuant to Rule 12(b)(1), even in the absence of such a challenge, the Court has an obligation to examine its own jurisdiction and address questions of subject matter jurisdiction *sua sponte*. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003). *See also* Fed.R.Civ.Pro. 12(h)(3).

*Allain,* 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

V. Discussion

    A.    Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute ...." *Kokkonen*, 511 U.S. at 377. Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, any pleading that states a claim for relief must contain "a short and

7

plain statement of the grounds for the court's jurisdiction ...." Fed. R. Civ. P. 8(a)(1). Plaintiff's original Complaint failed to comply with this requirement, and the jurisdictional allegations of her Amended Complaint are far from clear. However, because Plaintiff is acting pro se, the Court has carefully examined her Amended Complaint and other submissions to determine whether any basis for federal court subject matter jurisdiction exists in this case. As noted, Plaintiff appears to base subject matter jurisdiction on both federal question jurisdiction under 28 U.S.C. § 1331, and diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

        i.      The Amended Complaint does not support federal question jurisdiction.

A district court has federal question jurisdiction in any case where a plaintiff with standing makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated the U.S. Constitution or a federal statute. *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1281 (3d Cir.1993). If jurisdiction is based on a federal question, the pleader claiming federal jurisdiction simply must show that the federal claim is not frivolous. *Radeschi v. Commonwealth of Pennsylvania*, 846 F. Supp. 416, 419 (W.D.Pa.1993) (citing *Bartholomew v. Librandi*, 737 F. Supp. 22 (E.D. Pa.), *aff'd* 919 F.2d 133 (3d Cir.1990). While Bond has listed a number of federal statutes in support of her invocation of federal question jurisdiction, it is apparent from the face of her Amended Complaint that none of these statutes is implicated by her allegations and that the Amended Complaint fails to present a non-frivolous federal claim.

Bond first cites the McCarran-Ferguson Act, which was enacted in order to "preclude[] application of a federal statute in face of state law enacted ... for the purpose of regulating the business of insurance, if the federal measure does not specifically relat[e] to the business of insurance, and would invalidate, impair, or supersede the State's law." *Humana Inc. v. Forsyth*,

8

525 U.S. 299, 306 (1999) (citations and internal quotations omitted). The McCarron-Ferguson Act does not authorize a private cause of action that a policyholder can assert against an insurance carrier for purposes of recovering under a homeowner's insurance policy. Rather, the Act serves to exempt insurance companies from various federal statutes--including federal antitrust laws --so that regulation of the "business of insurance" is managed by the states. In fact, application of the McCarron-Ferguson Act would serve to preclude Bond from pursuing a claim under a federal statute (though she fails to specifically identify any such federal or state statute pursuant to which she is stating a claim). Thus, the McCarron-Ferguson Act does not serve as a basis for subject matter jurisdiction.

Similarly, the Sherman Act, the Clayton Act, and the Federal Trade Commission Act are antitrust laws that concern the regulation of interstate commerce and protect competition in the marketplace. To pursue a claim under the Sherman Act, Bond must establish at the outset that State Farm was a party to "some form of concerted action" that "imposed an unreasonable restraint on trade." *In re Ins. Brokerage Antitrust Litigation,* 618 F.3d 300, 314-15 (3d Cir. 2010) (citations omitted). No such facts are alleged in the Complaint or the Amended Complaint. Under the Clayton Act, "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws" may bring suit. 15 U.S.C. § 15. However, Bond must establish that she suffered an "antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendant['s] acts unlawful. The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation." *Brunswick Corp. v. Pueblo Bowl-0-Mat, Inc.,* 429 U.S. 477, 489 (1977). Bond's Amended Complaint alleges no such "antitrust injury." Finally, Bond cannot pursue a claim under the Federal Trade Commission Act because only the Federal Trade Commission may bring cases against a defendant pursuant to that statute. 15 U.S.C. § 45(a)(l);

9

*Almendarez v. Pa. State Lottery and Rivers Casino*, 2017 WL 3190646, at *4 (W.D. Pa. July, 27, 2017); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973).

Accordingly, Bond's Amended Complaint states no basis for federal question subject matter jurisdiction.

        ii. The Amended Complaint adequately supports diversity jurisdiction.

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (quoting 28 U.S.C. § 1332). The statute requires "complete diversity between all plaintiffs and all defendants," even though only minimal diversity is constitutionally required. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). This means that, unless there is some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant." *Id.*

Citizenship of natural persons is "synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). "[A] corporation," on the other hand, "shall be deemed ... a citizen of every [s]tate ... by which it has been incorporated and of the [s]tate ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (emphasis added). "'[P]rincipal place of business'"—as used in §1332(c)(1)— refers to a corporation's "'nerve center'"—i.e., "normally ... the place where the corporation maintains its headquarters...." *Papurello v. State Farm Fire & Cas. Co.*, 144 F. Supp. 3d 746, 752 (W.D. Pa. 2015) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).

Bond's Amended Complaint recites that she is a resident of the Commonwealth of Pennsylvania and the other allegations of her Amended Complaint serve to confirm that she is a domiciliary of Pennsylvania. She is, therefore, a citizen of Pennsylvania for purposes of diversity jurisdiction. The Amended Complaint identifies Stated Farm as a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois. It is, therefore, a citizen of Illinois under §1332(c)(1).[4] *Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988). Accordingly, complete diversity of citizenship exists in this case. State Farm acknowledges such. ECF No. 20, p.5.

State Farm disputes, however, that Bond's Amended Complaint satisfies the $75,000.00 amount in controversy requirement of §1332. As a general rule, the Court is "to decide the amount in controversy from the complaint itself." *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961). The amount in controversy is measured "by a reasonable reading of the value of the rights being litigated." *Id.* (citations omitted). As the party invoking the Court's jurisdiction, Bond has "the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (citing *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506-07 (3d Cir. 2014)). This burden is "not especially onerous." *Id.* The Supreme Court prescribed the standard for determining whether a plaintiff's claims satisfy the amount in controversy requirement in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), as follows:

> The rule governing dismissal for want of jurisdiction in
> cases brought in the federal court is that, unless the law

---

[4] Section 1332(c)(1) includes language that treats an insurance company as a citizen of its insured's state of citizenship where the claim involves a "direct action" against the insurance company and the insured is not joined as a defendant. This "direct action" provision applies only when an injured plaintiff's cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured tortfeasor. *Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988). This is not the nature of Bond's claim in this case.

11

> gives a different rule, the sum claimed by the plaintiff
> controls if the claim is apparently made in good faith. It
> must appear ***to a legal certainty*** that the claim is really for
> less than the jurisdictional amount to justify dismissal.

Id. at 288–89 (emphasis added) (footnotes omitted).

In applying the "legal certainty" test established by *St. Paul Mercury*, the Court of Appeals has instructed that "dismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir.1995). In other words, the court retains jurisdiction unless a plaintiff's claims are facially "insubstantial" to satisfy the amount in controversy requirement. *Lunderstadt v. Colafella*, 885 F.2d 66, 69-70 (3d Cir. 1989) (quoting *Hagans v. Lavine*, 415 U.S. 528, 542 n.10 (1974)). Once a good faith pleading of the amount in controversy vests the district court with diversity jurisdiction, the court retains jurisdiction even if the plaintiff cannot ultimately prove all of the counts of the complaint or does not actually recover damages in excess of the amount in controversy threshold of §1332. *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997), as amended (Feb. 18, 1997)(citing *St. Paul Mercury*, 303 U.S. at 288. "Accordingly, the question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Id.*

State Farm accurately points out that Bond's pleadings do not specifically allege whether her damages exceed the sum of $75,000.00, exclusive of costs, or include a demand for particular relief. It also notes Plaintiff's allegation that she purchased the insured property located at 316 Dawson Street in Kane, Pennsylvania for $41,000.00, which arguably undermines the proposition that the insured loss exceeds $75,000.00. The Court cannot ignore, however, the other allegations of Bond's Amended Complaint that place the value of her claim above the statutory

threshold. For example, Bond alleges that the damage to her property includes "old molding has been nailed into the knotty pine estimated to have been worth $164,000.00...." ECF No. 9, ¶ 5.

In support of its challenge to jurisdiction under § 1332, State Farm cites *Johnson v. Rite Aid*, 2018 WL 4838540 (W.D. Pa. Oct. 4, 2018). In that case, however, the Court's rejection of diversity jurisdiction appeared to rest primarily upon the absence of complete diversity between the plaintiff and the defendants. *Id.* at *6. While the Court also found that the plaintiff's complaint failed to satisfy the amount in controversy threshold, that complaint lacked both a demand for a specific amount of damages and any other allegations from which the Court could ascertain that the plaintiff was claiming in excess of $75,000.00. In contrast, Bond's Amended Complaint includes allegations that support an amount in controversy in excess of the threshold. While aspects of her Amended Complaint cast doubt on whether she ultimately will be entitled to present a claim to support recovery above the threshold, as a general rule, courts are not to evaluate "the legal sufficiency" or soundness of a plaintiff's claims in determining whether dismissal based upon the amount in controversy is appropriate. *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997). Given this, and the more lenient standard of review applicable to pro se complaints, the Court finds that the Amended Complaint sufficiently alleges an amount in controversy in excess of $75,000.00, exclusive of costs. Therefore, the Amended Complaint supports subject matter jurisdiction under 28 U.S.C. § 1332, and State Farm's Motion to Dismiss pursuant to Rule 12(b)(1) must be denied.

    B.    Sufficiency of Amended Complaint to State a Claim

           i.    Bond's Amended Complaint alleges facts sufficient to state a claim for breach of the parties' insurance contract.

Bond's Amended Complaint alleges that State Farm has notified Bond that it "will not abide by their contractual Home Owner's Insurance Policy unless a court forces them to do so."

13

ECF No. 9, ¶ 9. Subsequent paragraphs of the Amended Complaint describe various items of property damage that Bond apparently alleges fall within the scope of coverage under her homeowner's policy, but for which State Farm has denied coverage. At this stage of the proceeding, Bond's Amended Complaint is sufficient to states a plausible claim for breach of the parties' insurance contract. *See Wehrenberg v. Metro. Prop. & Cas. Ins. Co.*, 2015 WL 4716305, at *5 (W.D. Pa. Aug. 7, 2015) (denying motion for judgment on the pleadings where plaintiff alleged facts sufficient to state plausible claim that insurance company wrongfully denied coverage for vandalism damages that fell within scope of the policy's coverage). Based upon the allegations of the Amended Complaint and the more lenient standard applicable to pro se pleadings, the Court will deny State Farm's motion to dismiss Bond's breach of contract claim.[5]

        ii.     Bond's Amended Complaint fails to allege facts sufficient to state any other plausible claim.

While the Amended Complaint alleges facts sufficient to state a claim for breach of contract, the Court finds that this is the only viable claim asserted by Bond. The Amended Complaint includes references to "harassment," "racism," and "character assassination," among other vague characterizations. However, the Amended Complaint alleges no facts to support a plausible claim under any such theory of liability, and it is unclear what possible connection any such theory may have with the coverage denial issued by State Farm. No facts are alleged to establish that anyone from or affiliated with State Farm made any comments or took any action against Bond that were harassing, defamatory, or discriminatory in nature, and the Amended

---

[5] Ultimately, on a more developed record, Bond may be unable to establish facts sufficient to sustain this claim, or State Farm may establish the applicability of a coverage exclusion. "In Pennsylvania, the insured bears the burden of proving facts that bring its claim within the policy's affirmative grant of coverage." *Wehrenberg v. Metro. Prop. & Cas. Ins. Co.*, 228 F. Supp. 3d 512, 515 (W.D. Pa. 2017), *aff'd sub nom. Wehrenberg v. Metro. Prop. & Cas. Ins. Co.*, 715 Fed. Appx 209 (3d Cir. 2017) (*citing Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1446 (3d Cir. 1996)). However, "the insurer bears the burden of proving the applicability of any exclusions or limitations on coverage, since disclaiming coverage on the basis of an exclusion is an affirmative defense." *Id.*

Complaint does not contain sufficient allegations to support any associated causes of action recognized by law for these vague allegations. Therefore, to the extent the Amended Complaint purports to assert any claim or claims alleging harassment, character assassination, hatred, racism, or sexual harassment, State Farm's Rule 12(b)(6) motion is granted and those claims are dismissed.

Additionally, Bond includes a two-page excerpt from an article about fraud in her filings. To the extent she is attempting to assert that State Farm's conduct was fraudulent, this claim also fails as a matter of law. Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Thus, under Pennsylvania law, Bond must aver with particularity the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading the recipient into relying on it; (5) justifiable reliance on the misrepresentation by the recipient; and (6) damage to the recipient as a proximate result of the misrepresentation. *Gibbs v. Ernst*, 647 A.2d 882 (Pa. 1994); *Rivello v. New Jersey Auto. Full Ins. Underwriting Ass'n*, 638 A.2d 253 (Pa. Super. 1994). The Amended Complaint alleges no facts to support any of the required elements, let alone sufficient to satisfy the particularity requirements of Rule 9(b). Therefore, to the extent the Amended Complaint purports to assert a claim for fraud, State Farm's Rule 12(b)(6) motion is granted and that claim is dismissed.

C. Exhibits to Amended Complaint to be stricken under Rule 12(f)

Bond has attached various additional documents to her Amended Complaint. While certain of these documents, specifically a coverage denial letter from State Farm and what appears to be an invoice for pest control, plausibly relate to her breach of contract claim, the remaining attached documents are either illegible or unrelated to her claim.

For example, Bond attached a type-written document that states:

> ... sex, they announced it over the local police scanner.
> Money would help, but it will not change the situation that my
> family has been subjected to.
>
> My grandson asked me what a Me-leasa is. I think those of
> you who threw my earlier filings in the trash should be
> required to explain your harassment, politics to all the children
> living on this continent.

ECF No. 9, p.8. It is unclear to what this document is referring, but it appears to have no plausible connection to the surviving claim in this case.

Bond has also attached several documents that she identifies as photographs, but they are black and white and it is impossible to discern or identify what may be depicted in the photographs. ECF No. 9, pp. 15-20. Therefore, it is impossible to determine whether the photographs relate to anything in this case. To the extent Bond may be in possession of photographs depicting conditions of her home upon which she bases her insurance claim or any other photographs supportive of or relevant to her claim, these may be disclosed or produced as part of initial disclosures under Rule 26(a) or pursuant to a discovery request under Rule 34 of the Federal Rules of Civil Procedure.

Finally, Bond attached two pages from a document entitled "Fraud: A Review and Research Agenda." ECF No. 9, pp. 12-13. As discussed above, the Amended Complaint fails to state a claim for fraud.

State Farm asserts that all of the foregoing documents, except the coverage denial letter and the invoice for pest control, should be stricken pursuant to Rule 12(f) because they are "immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under this Rule, content should be stricken where it is "so unrelated to the plaintiff['s] claims as to be

unworthy of any consideration[.]" *Brkovich v. Dynacom Indus., Inc.*, 2011 WL 7052128, at *1 (W.D. Pa. Nov. 11, 2011). An allegation will be deemed to be immaterial when it "has no essential or important relationship to the claim for relief[,] and impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* at *2 n.1 (citations omitted). An allegation is scandalous when it "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id.* at *3.

The Court finds that the documents attached as pages 8, 12, 13, and 15-20 of the Amended Complaint [ECF No. 9] provide no substantive information plausibly related to Bond's breach of contract claim against State Farm, and are irrelevant to issues related to the homeowner's policy. Accordingly, the Court will order that these documents be stricken under Rule 12(f).

VI. Order

For the reasons set forth above, Defendant State Farm Insurance Company's Motion at ECF No. 19 is GRANTED IN PART AND DENIED IN PART as follows: the Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(1) is DENIED; the Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) is DENIED as to Plaintiff's claim for breach of the parties' contract of insurance, and GRANTED in all other respects, and the Motion to Strike pursuant to Rule 12(f) is GRANTED, and the documents attached as pages 8, 12, 13, and 15-20 of ECF No. 9 are hereby STRICKEN.

So ordered.

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE

Entered this 4th day of April, 2019.