IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA BOND, | ) |
| | ) |
| Plaintiff | ) Case No. 1:18-cv-000176 (Erie) |
| | ) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| STATE FARM INSURANCE COMPANY, | ) UNITED STATES MAGISTRATE JUDGE |
| | ) |
| | ) MEMORANDUM OPINION ON |
| Defendants | ) DEFENDANT'S MOTION FOR |
| | ) SUMMARY JUDGMENT |
| | ) |
| | ) ECF NO. 78 |

Plaintiff Pamela Bond (Bond) brings this action, pro se, against Defendant State Farm Insurance Company (State Farm) claiming breach of contract.¹ ECF No. 9. Before the Court is State Farm's motion for summary judgment. ECF No. 78. The parties have consented to the jurisdiction of a United States Magistrate Judge for these proceedings. ECF No., 5, ECF No. 18. For the reasons that follow, the motion will be **GRANTED**.²

I.  Background and Procedural History

Bond's Response to State Farm's Motion for Summary Judgment does not comply with Federal Rule of Civil Procedure 56 because it omits a concise statement of (a) material facts that she contends present genuine issues for trial, and (b) any additional facts that arguably preclude summary judgment. *See, e.g., Li Xia Lu v. United States*, 2019 WL 2371759, at *1 (E.D. Pa. June 4, 2019). Thus, the following factual background is derived from State Farm's Concise Statement of Material Facts and deemed to be undisputed because Bond did not respond to State Farm's Concise

---

¹ Bond's claimed violations of the McCarran-Ferguson Act, the Sherman Act, and Clayton Act, and the Federal Trade Commission Act were previously dismissed with prejudice. See ECF No. 31.

² The parties have consented to the jurisdiction of a United States Magistrate Judge, including the entry of final judgment. See ECF Nos. 5, 18.

1

Statement or otherwise submit any evidence in opposition to the motion for summary judgment. *See, e.g., Tustin v. Strawn*, 2020 WL 3084064, at *2 (W.D. Pa. June 10, 2020); *Boyles v. Am. Heritage Life Ins. Co.*, 383 F. Supp. 3d 470, 476 (W.D. Pa. 2019), aff'd, 809 F. App'x 104 (3d Cir. 2020) (citing LCvR 56.E ("Alleged material facts set forth in the moving party's Concise Statement of Material Facts ... will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party.")).

Bond moved into a house on Dawson Street in Bradford, Pennsylvania in July of 2017. She insured her property through State Farm. ECF No. 81-5, p. 13, ln. 20-230. Shortly after moving in, Bond experienced difficulties with her home. She claimed, for example, that vandals damaged her property. *See* ECF No. 80, ¶ 2. Bond has claimed that

> [f]ifteen walls of varying sizes have been destroyed by vandal(s). The vandal(s) are as of yet unidentified. The damages occurred over a period of several months. Each time the owner and Plaintiff, Pamela Bond, left her abode, it was noted upon her return that things had been stolen, destroyed, and moved about.

ECF No. 9, p. 5, ¶ 2. Vandals have made extensive physical changes to the property:

> The bathtub has been changed twice. Two doors have been removed altogether, four doors have been changed. Old molding has been nailed into the knotty pine estimated to have been worth $164,000.00 in the State Farm Insurance binder. A beetle infestation has resulted. It is also believed that much of the good wood was removed because the boards left behind are not long enough to result in the finished look of uninterrupted Pennsylvania planks of highly polished undamaged wood.
>
> ***
>
> The period appropriate molding was all removed and replaced with trash lumber. Estimated cost of replacing the molding runs into the thousands of dollars. When the cheap wood was removed it was noted that excessive damages along with newly placed wires were being hidden by the new "molding". New flowers and shrubs were doused with wine. Floors became scratched and actual holes appeared in the floorboards. Some of the holes in the upstairs bedroom walls are two and three inches wide.

2

*Id.*, p. 6-7. Bond also claimed that the vandals infiltrated her home with beetles and voles. She notes that

> Exterminators do not ordinarily expect beetles to accomplish so much damage to wood and so very quickly. The vandal who leaves his name as genius on the computers and phones he or she left hacked understood how to manipulate natural forces and engage in biological warfare (Exhibit G). Voles now live within the walls and floorboards. People at local hardware stores claim that it is known that they were invited by increased heat in the basement and a smashed foundation wall. Also, cut out areas upstairs and in the attic obviously been used to insert food into the walls for the rodents' consumption.

*Id.*, p. 7.

After State Farm denied her claim, Bond filed suit in this Court, alleging a breach of her insurance contract. *See* ECF No. 3. She later filed an amended complaint, which is the operative pleading. ECF No. 9. After a period of discovery, State Farm filed its motion for summary judgment under Federal Rule of Civil Procedure 56. It also filed a Concise Statement of Material Facts, to which Bond did not directly respond. Instead, she file three Responses in Opposition (ECF Nos. 88, 90, and 91) along with a personal affidavit. ECF No. 93. Thus, the matter is now ready for disposition.

II.     Standards for Summary Judgment

Federal Rule of Civil Procedure 56(a) requires a court to enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law.

*Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether a genuine issue of material fact remains for trial, the court must view the record and all reasonable inferences to be drawn from it in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). To avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. Instead, once the movant satisfies its burden of identifying evidence that shows the absence of a genuine issue of material fact, the nonmoving party must to go beyond his pleadings with affidavits, depositions, answers to interrogatories or other record evidence to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Further, under Rule 56, a defendant may seek summary judgment by pointing to the lack of a genuine fact issue on one or more essential claim elements. The Rule mandates summary judgment if the plaintiff then fails to make a sufficient showing on each of those elements. When Rule 56 shifts the burden of production to the nonmoving party, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. *See Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

The summary judgment standard, as recounted above, "is somewhat relaxed with respect to pro se litigants. Where a party is representing himself pro se, the complaint is to be construed liberally. A pro se plaintiff may not however, rely solely on his complaint to defeat a summary judgment motion." *Miller v. McClure, et al.*, 2020 WL 1049750, *6 (W.D. Pa. Mar. 4, 2020) (citing

*Anderson*, 477 U.S. at 256 ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.")). Allegations made without evidentiary support may be disregarded. *Jones v. UPS*, 214 F.3d 402, 407 (3d Cir. 2000); *see also Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990) ("[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment."). With these standards in mind, the Court will address Bond's claims.

III.   Discussion

This Court has jurisdiction over this diversity action under 28 U.S.C. § 1332. *See, e.g., Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1445 (3d Cir. 1996). Bond is a resident of Pennsylvania and State Farm, for purposes of this case, is a resident of the state of Illinois. *See* ECF No. 9, pp. 1-2. Pennsylvania law governs this case. In an insurance coverage dispute under Pennsylvania law, "[t]he interpretation of an insurance contract regarding the existence or non-existence of coverage is 'generally performed by the court.'" *Tartour v. Safeco Ins. Co. of Illinois,* 2020 WL 489467, at *2 (E.D. Pa. Jan. 30, 2020) (quoting *Minnesota Fire and Cas. Co. v. Greenfield*, 855 A.2d 854, 861 (Pa. 2004) (internal citation omitted)). Bond, as the insured, has the burden of first making a prima facie showing that her claim falls within the policy's coverage. *Koppers Co.*, 98 F.3d at 1446 (3d Cir. 1996) (applying Pennsylvania law). If coverage is shown, then State Farm has the burden to prove that a coverage exclusion applies. *Tartour*, 2020 WL 489467, at *3.

Bond has alleged that unidentified vandals "ruined" or "damaged" the Dawson Street residence by stealing, destroying, or moving things within the dwelling during their numerous intrusions. *See* ECF No. 9, pp. 5-7. She appears to argue these actions and subsequent damages should be covered under her homeowner's policy as "accidental direct physical loss to property." *See* ECF No. 81-4, pp. 12-13. To determine whether the damage alleged is covered by the State

5

Farm policy, the Court must evaluate whether the damage constitutes "accidental direct physical loss to property." ECF 81-4, p. 13. Based on the record, the Court determines that the damaged caused by the unidentified vandals was not accidental and that Bond has not made a prima facie showing that her insurance claim is covered.

Under Pennsylvania law, an "accident" in the context of insurance coverage provisions is "an unexpected and undesirable event occurring unintentionally." *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 292 (2007) (citing *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 898 (Pa. 2006)). Courts have emphasized that the "key term in the definition of the 'accident' is 'unexpected' which implies a degree of fortuity." *Id.* Importantly, damage is not accidental if "the injury was the natural and expected result of the insured's actions." *Id.* (citing *Lower Paxton Twp. v. U.S. Fidelity and Guar. Co.*, 557 A.2d 393, 398 (Pa. 1989)); *see also State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009) (noting that "[a]n accident, simply stated, is merely an unanticipated event") (citation and quotation marks omitted); *Robinson v. Allstate Prop. & Cas. Ins. Co.*, 306 F. Supp. 3d 672, 679 (E.D. Pa. 2018) (summarizing Pennsylvania case law); *McMahon v. State Farm Fire & Cas. Co.*, 2007 WL 137760, at *4 (E.D. Pa. May 8, 2007) ("'Accidental' is an adjective meaning happening by chance, unexpectedly, not in the usual course of things."). *See Tartour*, 2020 WL 489467, at *3. State Farm's policy on the Dawson Street property included coverage for "accidental direct physical loss" resulting from "vandalism or malicious mischief," which the policy defined as "willful and malicious damage to or destruction of property." ECF No. 81-4, p. 13.

State Farm denied Bond's claim after conducting an inspection of her home. ECF No. 9, p. 10. Bond's claim of vandalism was rejected. *Id.* The claim specialist determined that

> At the time of the inspection … the outside vinyl siding had not been painted and after review of the realtor's photo prior to the purchase of the home, the items in question were in this condition prior to the purchase of the property. We appreciate your business and regret

6

> that the items shown and discussed are not a result of an Accidental Direct Physical Loss. We regret we can make not payment in reference to your claim.

*Id.*, pp. 10-11. Bond has not brought forth any evidence to support the conclusion that vandals caused property damage at her Dawson Street home. Instead, she has submitted unsubstantiated accusations and vague references to nonexistent reports of experts.

For example, Bond states that "Orkin exterminators were called to evaluate the damages to the walls; these changes resembled scratches, burns, and mud crusting. The licensed exterminator said that these problems were due to an infestation of wood eating beetles." ECF No. 88, ¶ 4. But no report from this exterminator is part of the summary judgment record. Regarding the damage to her walls, Bond claims that "whoever was doing this never showed up when the Plaintiff was at home." *Id.* ¶ 3. She also states that the Kane Police Department was called to investigate her claims of vandalism, but provides no police report. *Id.* ¶ 5. Bond argues that the changes to her property "were not requested by the Plaintiff; therefore they are attributable to vandalism." *Id.* ¶ 9. None of this, however, is evidence which creates a genuine issue of material fact that the damage constituted "accidental direct physical loss" resulting from "vandalism or malicious mischief" within the meaning of the subject policy.

Indeed, State Farm has submitted the report of an expert to the contrary. The insurance company hired an outside investigator who concluded that the damage Bond claimed was not caused by vandals. An investigator from Insurance Restoration Consultants, after examining Bond's home, stated that

- The wallboards Bond claimed were "replaced without her knowledge/consent, were in fact mitered joints of the original tongue and groove knotty pine paneling" and that no evidence existed to show that the paneling was altered after it was initially installed;

7

- The basement door Bond claimed was removed was actually still located on the property;
- The squeaking sounds Bond attributed to voles were actually emanating from smoke detectors that needed battery replacement;
- There was no evidence of beetle infestation and the holes in the walls Bond attributed to beetle activity were actually caused by nails or fasteners that had been used to hang pictures, calendars, etc.
- Bond's claim of "beetle hives" were actually knots in the wood paneling, which is a natural occurrence.

ECF No. 81-8, *generally*.

Bond has the burden, as the party bearing the burden of proof at trial, and opposing summary judgment, to submit competent evidence to support her claims. *Scott v. Calpin*, 2012 WL 3019955, at *5 (D.N.J. July 24, 2012), *aff'd*, 527 Fed. Appx 123 (3d Cir. 2013) (citing *Player v. Motiva Enters., LLC*, 240 Fed. Appx 513, 522 n. 4 (3d Cir.2007) (holding that, when a party moving for summary judgment points out to the district court that no evidence supports the nonmoving party's case, and the party opposing summary judgment bears the burden of proof, it is the nonmoving party's burden to identify evidence of record that creates a genuine issue of material fact)). Further, "[i]t is not the Court's obligation … to comb the … record … to identify a material factual dispute where the party opposing summary judgment has not done so under Local Rule 56.1(a)". *Benjamin v. State Farm Ins. Co.*, 2017 WL 3535023 at n.1 (D.N.J. Aug. 17, 2017). Bond has failed to meet her burden in opposing State Farm's motion in this case. For example, bond has not produced an expert to counter the conclusions reached by State Farm's expert. The Court notes that she did identify Lacey Love, Executive Director of the Bradford, Pennsylvania Public Library, as a

purported expert. ECF No. 72. No report from Ms. Love was ever filed, however. Bond has filed an affidavit. *See* ECF No. 93. But this affidavit does not provide any evidence to support her claims and solely relies on speculation and her own conclusory allegations. Bond avers that

- She phoned the Kane Police Department after hearing "the sound of a door opening" after having "bricked up the back door because the locks are vandalized;"
- The police always say that I am imagining everything;
- The back porch is "ruined;"
- The police left with the comment, "you have been back there;"
- She finds "signs that someone has been in my house. I hear my neighbor Terry call to Joe Stauffer in the middles (sic) of the night. "You are in there every day, Joe, go home;"

*Id.*, at pp. 1-2. No police report, testimony, or affidavits from neighbors, are part of the summary judgment record.

Such conclusory allegations simply cannot support a genuine dispute of material fact to warrant denial of summary judgment to State Farm. *See, e.g., Parker v. Sch. Dist. of Philadelphia*, 415 F. Supp. 3d 544, 566 (E.D. Pa. 2019), *aff'd*, 2020 WL 4530107 (3d Cir. Aug. 6, 2020). As one Court recently noted:

> [C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (quoting *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002)). *See also Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L.Ed.2d 695 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint ... with conclusory allegations of an affidavit."). Instead, the affiant must set forth specific facts that reveal a genuine issue of material fact. *Id.* (collecting cases). Because they are not subject to cross-examination, affidavits are scrutinized carefully. *In re CitX Corp.*, 448 F.3d 672, 680 (3d Cir. 2006) (citing

> 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2722, at 373, 379 (3d ed. 1998)).

*Mahalik v. Cantania*, 2019 WL 5862170, at *3 (E.D. Pa. Nov. 7, 2019). *See also Berrada v. Cohen*, 2019 WL 5618181, at *2 (3d Cir. Oct. 31, 2019)(affirming grant of summary judgment where plaintiff offered no corroboration for his testimony and where plaintiff's testimony was contradicted by indisputable evidence).

Bond has not proffered sufficient evidence to rebut State Farm's basis for denying her claim. *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 152-55 (3d Cir. 2017) (affirming district court's grant of summary judgment because plaintiff had not adduced any meaningful evidence that would allow a reasonable factfinder to find pretext). No reasonable jury could find based on the evidence before the Court that State Farm improperly denied her property insurance claim.

IV.   Conclusion

Given the foregoing, the Court will **GRANT** Defendant State Farm's Motion for Summary Judgment. An **ORDER** to that effect will follow.

Entered this 24th day of August, 2020.

_____
RICHARD A. LANZILLO
United States Magistrate Judge